Filed 7/1/21  P. v. Ramirez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN ANTHONY RAMIREZ,<br><br>Defendant and Appellant. | E074743<br><br>(Super.Ct.Nos. FVI18002414 & 16CR-073760)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed as modified with directions.

Garrick Byers, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

Appellant and defendant John Anthony Ramirez contends that he was denied due process and a fundamentally fair hearing when a trial court found him in violation of probation in two cases. He also argues there was insufficient evidence to establish he violated his probation in both cases, and the court based its determination to terminate probation on an erroneous understanding of his legal status; thus, the matter should be remanded, either for the court to dismiss the probation violation allegations or to hold another hearing. He further contends he is entitled to 10 additional days of custody credit on one of his cases. The People concede, and we agree, that defendant is entitled to 10 additional days of credit. In all other respects, we affirm.

<u>PROCEDURAL BACKGROUND</u>

*Case No. 16CR-073760*

On December 27, 2016, a felony complaint was filed in case No. 16CR-073760 (hereinafter, case No. 16CR), charging defendant with discharging a firearm with gross negligence (Pen. Code,[1] § 246.3, subd. (a), count 1) and possession of a firearm by a felon (§ 29800, subd. (a)(1), count 2). On January 10, 2017, defendant pled no contest to count 2 pursuant to a plea agreement, and the court dismissed count 1. The court placed him on three years' probation, under specified terms, including that he report to the probation officer as directed.

_____

[1] All further statutory references will be to the Penal Code unless otherwise noted.

2

*Case No. FVI18002414*

On August 27, 2018, a felony complaint was filed in case No. FVI18002414 (hereinafter, case No. FVI18), charging defendant with assault with a deadly weapon. (§ 245, subd. (a)(1), count 1.)

*Further Proceedings*

On August 29, 2018, a petition for revocation of probation was filed in case No. 16CR. The court ordered defendant's probation revoked and set a hearing on the petition.

After numerous continuances, the court held a hearing on May 28, 2019, and defendant admitted he violated his probation. The court then ordered his probation reinstated. The minute order reflects that it added the following orders: "Serve 210 days eligible for County Jail Weekend/Work Release program Concurrent with Case: FVI180002414," and "Report to Glen Helen Rehab Center by Friday, July 26, 2019 no later than 2:00 PM . . . ."

That same day, in case No. FVI18, the People added a charge of felony vandalism (§ 594, subd. (b)(1)) as count 2. Defendant pled no contest to count 2, and the court dismissed count 1. The court placed him on three years' probation under specified terms, including that he report to the probation officer as directed and report to Glen Helen Rehabilitation Center (Glen Helen) by Friday, July 26, 2019.

Subsequently, a copy of a commitment form in case No. 16CR was filed indicating that defendant failed to report to Glen Helen by July 26, 2019, as ordered. The form reflected that defendant was convicted and ordered to report to Glen Helen

3

by July 26, 2019, and that the case was concurrent with case No. FVI18. The form was stamped with a "No Show" date listed as July 29, 2019.

On August 27, 2019, defendant appeared before Judge Tony Raphael. Defendant requested that he be reinstated to the weekend work release program since he was attending his aunt's funeral two weeks prior. He said he needed a new date to enroll in the program, and Judge Raphael asked how soon he could report to Glen Helen. Defendant said he could report any time, so the court gave him a new date of September 13, 2019. The record on appeal contains a minute court in case No. FVI18 reflecting this modification, but not in case No. 16CR.[2]

On August 30, 2019, a bench warrant was issued against defendant in case No. 16CR for failing to serve jail time and violating the terms of probation.

On September 25, 2019, a copy of a commitment form in case No. FVI18 was filed indicating that defendant failed to report to Glen Helen as ordered. The form reflected that defendant was convicted and ordered to report to Glen Helen by September 13, 2019. It was marked with a stamp that said, "No-Show Never Booked . . . Date 9/14." On October 1, 2019, a bench warrant was issued against defendant for violating the terms of probation.

---

[2] The record also contains an affidavit from the superior court deputy clerk stating that she thoroughly searched the case files, and they did not contain a minute order dated August 27, 2019 for case No. 16CR or a petition for revocation of probation for case No. FVI18.

4

Defendant appeared in court on December 30, 2019, represented by counsel. At the outset, counsel stated she was appearing because defendant had a misdemeanor case in San Bernardino and she needed "to find out what is going on in this case." The court noted that defendant had two cases in which he was on felony probation, and both were "in revoked statuses." The court recalled the bench warrants. Defendant denied violating probation, and the court ordered the probation department to prepare supplemental reports for a hearing set for January 29, 2020.

The probation officer filed a separate supplemental report for each case. The report in case No. 16CR stated that defendant was convicted of possession of a firearm by a felon and was granted probation with specified terms, including that he report to Glen Helen by July 26, 2019,[3] and report to the probation officer in person immediately or upon release and thereafter as directed. It further stated that defendant was originally granted three years' probation, which was set to expire on October 8, 2020. However, on August 28, 2019, a notice of failure to appear for jail time was filed with the court, and on August 30, 2019, the court revoked probation and a no-bail warrant was issued for his arrest. Defendant was arrested on December 29, 2019, on the warrants in this case and case No. FVI18. The report also stated that defendant

---

[3] This date appears to be an error since the court changed the reporting date to September 13, 2019, at defendant's request. Although the record only contains a minute order for case No. FVI18 reflecting this change, it also shows that the court originally ordered defendant in case No. 16CR to report to the work release program at Glen Helen concurrent with case No. FVI18.

was on fugitive status for 138 days, so his probation was tolled and set to expire on February 23, 2021.

The report further stated that defendant was interviewed on January 15, 2020, and he admitted to being in violation of probation for failing to appear for work release and for failing to report to probation. He said he did not remember the last time he reported to probation. The report stated that defendant was ordered to report to Glen Helen for work release on July 26, 2019, but failed to do so, and a bench warrant was issued soon after. Moreover, in June 2019, he was directed to report to the probation department for orientation and assessment on June 11, 2019, but failed to do so. He reported on June 12, 2019, reviewed his terms and conditions, acknowledged his understanding, and signed them. The report stated that defendant reported to three office visits in June 2019, but failed to report to one. In July 2019, defendant reported to three out of five office visits. The report further stated that defendant last reported to the probation department on August 20, 2019, and his whereabouts were unknown until he was booked into custody on December 29, 2019. Defendant said he turned himself in to the police on December 29, 2019, because he wanted to start the new year right. The report recommended reinstating defendant on probation with a few added terms, including that he serve 365 days in county jail.

The supplemental probation report in case No. FVI18 stated that defendant was convicted of vandalism and was granted probation with specified terms, including that he report to Glen Helen by September 13, 2019, and report to the probation officer in person immediately or upon release and thereafter as directed. The report further

6

stated that on September 25, 2019, a notice of failure to appear for jail time was filed with the court and on October 1, 2019, the court revoked probation and a warrant was issued for defendant's arrest. He was arrested on December 29, 2019, on the warrants in this case and case No. 16CR. The report stated that defendant was in violation of his probation for failing to report for work release and absconding from the probation department. The rest of the report essentially contained the same information as the report in case No. 16CR.

The court held a hearing on January 29, 2020, and defendant requested a *Vickers*[4] hearing on the record. The court set a *Vickers* hearing for February 14, 2020.

*Vickers Hearing*

The court held a probation violation hearing on February 14, 2020, and the judge (Debra Harris) initially asked what the alleged violation was. The prosecutor said it was defendant's failure to report to his jail time. The court then asked which case she wanted to address first, and she said the 16CR case. The prosecutor asked the court to take judicial notice of the court file in that case and then directed the court's attention to the minute order entering defendant's plea agreement and the May 28, 2019 minute order "where he was revoked and reinstated on his probation with the added term of 210 days in county jail to start on July 26, 2019." The court took note of that minute order, and asked if defense counsel had any objection. Defense counsel said, "I'm submitting on that, your Honor."

---

**4** *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*).

The prosecutor called the probation officer as a witness. The probation officer testified that he had reviewed defendant's probation records and found that he violated his probation. The officer testified that defendant had failed to report to probation since August 2019, and his whereabouts were unknown until he was booked. The officer further testified that defendant also violated probation by failing to appear to work release at Glen Helen by July 26, 2019. He added that defendant violated three terms—the work release, keeping the officer informed of his place of residence, and reporting to the probation officer as directed. Defense counsel objected that the second item was not supported by the evidence. The court sustained the objection, and the probation officer confirmed that defendant's violations were that he failed to report to Glen Helen and failed to report to probation. Defense counsel cross-examined the probation officer and asked if he had interviewed defendant to try and obtain information relative to the violations, and asked if defendant indicated he was having medical issues. The probation officer affirmed, and then the court asked why he recommended that defendant be reinstated on probation. The probation officer said defendant told him the reason he failed to report was due to transportation and his health situation.

The prosecutor then turned to case No. FVI18 and asked the court to take judicial notice of the case file, complaint, terms of probation, and the May 28, 2019 minute order. The probation officer testified that he reviewed the probation record and terms of the case. When asked which probation violations he noted, the officer said, "The same ones, work release, keeping the probation officer informed of place of

8

residence, and also reporting to the probation officer as directed." On cross-examination, defense counsel simply asked the probation officer if he considered the same things that defendant advised him of in the other case in making his recommendation to reinstate probation in this case, and the officer said yes.

The parties made their closing arguments. Defense counsel argued that this was a situation where "we have a disabled individual who has made at least certain efforts to comply with his reporting" and asked the court to reinstate probation. Defense counsel further argued that the testimony was not clear about "what the direction was for him to report" or what the direction was every month. The court found defendant in violation of probation in both cases and sentenced him to three years in each case, to be served concurrently in state prison.

Defendant filed a timely notice of appeal in both cases.

DISCUSSION

I. There Was Sufficient Evidence to Support the Trial Court's Finding that Defendant Violated His Probation

Defendant contends that it was fundamentally unfair and violated due process for the court to find he violated his probation. Citing *People v. Grace* (1926) 77 Cal.App. 752, 759 (*Grace*), he asserts that the judge who found him in violation (Judge Harris) "overlooked or ignored" the fact that the prior judge (Judge Raphael) changed his reporting date to September 13, 2019. He further argues it was fundamentally unfair because of the failure of the supplemental probation reports to include any mention of the date change and because there was no written notice of the

9

claimed probation violations. He therefore asserts that we should dismiss the allegations of probation violation entirely, or remand for another *Vickers* hearing. We conclude there was sufficient evidence to support the court's finding that defendant violated his probation. Thus, the court properly revoked his probation.

A. *Relevant Law*

"Section 1203.2, subdivision (a), authorizes a court to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation. [Citation.] ' "When the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period. [Citations.]" [Citation.]' [Citation.] The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence. [Citations.] 'Probation revocation proceedings are not a part of a criminal prosecution, and the trial court has broad discretion in determining whether the probationer has violated probation.' " (*People v. Urke* (2011) 197 Cal.App.4th 766, 772 (*Urke*).)

"We review a probation revocation decision pursuant to the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]' " (*Urke, supra,* 197 Cal.App.4th at p. 773.) " 'The discretion of the court to revoke probation is analogous to its power to grant the

probation, and the court's discretion will not be disturbed in the absence of a showing of abusive or arbitrary action.' " (*Ibid.*)

B. *Defendant Has Forfeited His Claims*

The People contend, and we agree, that defendant has forfeited his claims for failure to raise them in the trial court. When the prosecutor asked the court to take judicial notice of the case file (in case No. 16CR) and directed its attention to the May 28, 2019 minute order, which stated defendant was to report to Glen Helen by July 26, 2019, defense counsel was asked if he had any objections, and he submitted on the minute order. He did not inform the court that the reporting date had subsequently been changed to September 13, 2019. He also did not raise any issue regarding lack of notice or insufficient evidence. "A defendant is precluded from raising an error for the first time on appeal where there has been an opportunity to object to the error below and a defendant has failed to avail himself of the opportunity. [Citations.]" (*People v. Gonzales* (1986) 188 Cal.App.3d 586, 590; see *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117 ["It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal. A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal."].)

Defendant claims he did not forfeit the right to raise the issue of the failure of the prosecutor and probation officer to disclose the change in the reporting date. He relies upon *Grace*, *supra*, 77 Cal.App. 752, 759, in support of his position, but *Grace* is inapposite. In that case, the defendant entered a plea of not guilty at his

11

arraignment, and the judge granted him a trial on the issue of his sanity. (*Id*. at p. 754.) During the course of the proceedings leading to his conviction, the defendant was before several judges of the superior court. (*Ibid*.) Thus, another judge commenced a trial as to his guilt on the charged crimes but did not hold a trial on his sanity. Before any witness was called, the defense attorney informed the court that the defendant had previously been declared insane and questioned whether he could be tried. The court said that had no bearing on the case and proceeded with the trial. The defendant was found guilty. (*Id*. at pp. 755-756.) On appeal, the court found that the trial judge was bound by the order of the first judge granting defendant a preliminary trial on his sanity. (*Id*. at pp. 758-759.) In so finding, the appellate court stated that an order made in one department "can neither be ignored nor overlooked in another department." (*Id*. at p. 759.) The court further found that the defendant had a right to a sanity trial under section 1368, and that right, secured under the order, was not waived by the defense counsel's failure to tell the trial judge of the prior judge's order. (See § 1368, subd. (b) ["If counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing."].) (*Id*. at p. 760.)

Unlike *Grace*, there was no statutory right secured by a court order involved here. Rather, defendant forfeited his claim regarding the court "overlooking" the modified probation order, as well as his other asserted claims, by failing to raise them below. In any event, there was sufficient evidence to support the court's finding that he violated his probation.

12

C. *The Evidence Was Sufficient to Support the Finding That Defendant Violated His Probation*

The crux of defendant's claims is that the judge who found him in violation of probation "overlooked or ignored" the order of the prior judge that changed his reporting date to September 13, 2019. Defendant also points out, in great detail, numerous errors in the court minute orders, the supplemental probation officer's reports, and respondent's brief. Defendant is correct that no one mentioned that the date he was ordered to report to Glen Helen had been changed from July 26, 2019 to September 13, 2019, at the *Vickers* hearing, and the probation officer actually testified that he was supposed to appear for work release at Glen Helen by July 26, 2019. However, we note defendant does not dispute that he violated his probation. Although there appears to have been inadvertent errors made, substantial evidence supports the court's determination that defendant violated his probation. The supplemental probation report in case No. FVI18 specifically advised defendant and the court that defendant allegedly violated probation by failing to appear to commence his jail sentence at Glen Helen on September 13, 2019, and defendant was aware of this allegation.

The evidence undisputedly showed that defendant failed to report to Glen Helen either by July 26, 2019 or September 13, 2019. As he points out, he was ordered to report to Glen Helen for his work release program, concurrently in both cases. Initially, the court ordered him to report by July 26, 2019. However, he failed to report by that date and asked the court for a new date to enroll in the program. The

13

court gave him a new reporting date of September 13, 2019. The evidence showed that defendant failed to report by that date, as well. Thus, he violated his probation by failing to report to his work release program as ordered.

Furthermore, the evidence indisputably shows that defendant failed to comply with his reporting terms. In both cases, defendant was ordered to report to the probation officer as directed. The evidence shows that he was directed to report to the probation department for orientation and assessment on June 11, 2019, but failed to do so. It also shows that in July 2019, he reported to three out of five office visits. In August 2019, he reported to only one out of four office visits. Moreover, defendant was directed to report on September 4, 2019. However, the probation officer stated that the last time he reported to the probation office was August 20, 2019, and his whereabouts were unknown until he was booked on December 29, 2019.

As to defendant's complaint that the proceedings were fundamentally unfair since he had no written notice of the claimed probation violations, it is unclear whether he received a copy of the petition for revocation of probation in both cases, since the record on appeal does not contain copies of them. However, the record does indicate that he had notice through the supplemental probation officer's reports, as demonstrated by his counsel's cross-examination of the probation officer at the *Vickers* hearing and his specific references to recommendations in the report. Defendant never asserts that he was unaware that the supplemental report in case No. FVI18 alleged that he failed to appear to commence his jail sentence on September 13, 2019.

14

We further note it is well settled that reversal for error is proper only when it appears reasonably probable that a result more favorable to the appellant would have been reached in the absence of the error.  (See *People v. Briggs* (1962) 58 Cal.2d 385, 404.)  Here, defendant cannot show that he was prejudiced by any of the errors he enumerates since he undisputedly violated his probation and had notice of the actual violation dates.

Ultimately, a court may revoke probation if it "has reason to believe from the report of the probation . . . or otherwise that the person has violated any of the conditions of their supervision."  (§ 1203.2, subd. (a).)  There was sufficient evidence to support the trial court's finding that defendant violated his probation.  Therefore, we cannot say it abused its discretion in revoking his probation.

## II.  Defendant is Entitled to Additional Custody Credits

Defendant argues, and the People concede, that he is entitled to 10 additional days of custody credit in case No. FVI18.[5]  At sentencing, the court awarded him credit for time served of 117 actual days, plus 116 days of conduct credit under section 4019 "for a total of 223 days."  However, he should have received 233 days of credit, since 117 plus 116 equals 233.  The judgment should be modified accordingly.  (See *People v. Acosta* (1996) 48 Cal.App.4th 411, 428.)

---

[5] Defendant cites case No. 16CR, but appears to be actually referring to case No. FVI18.

DISPOSITION

The judgment is modified to reflect that defendant is to receive a total of 233 days of custody credits in case No. FVI18002414. The superior court clerk is directed to modify the abstract of judgment to reflect this change. The clerk is further directed to prepare an amended sentencing minute order and amended abstract of judgment reflecting this modification and to forward certified copies of the minute order and abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                            J.

We concur:

MILLER _____
          Acting P. J.

SLOUGH _____
                    J.